1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   P. CRAIG CARDON, Cal Bar No. 168646
2  JAY T. RAMSEY, Cal Bar No. 273160
   ALYSSA SONES, Cal Bar No. 318359
3  1901 Avenue of the Stars, Suite 1600
   Los Angeles, California 90067-6055
4  Telephone:  310.228.3700
   Facsimile:  310.228.3701
5  Email:      ccardon@sheppardmullin.com
               jramsey@sheppardmullin.com
6              asones@sheppardmullin.com

7  *Attorneys for Defendant*
   THE BUCKLE, INC.
8

9              UNITED STATES DISTRICT COURT

10              SOUTHERN DISTRICT OF CALIFORNIA

11

12 | SILVIA GARCIA, individually and on behalf of a class of similarly situated individuals, | Case No. **'23CV2104 BEN KSC**
13 | | **DEFENDANT THE BUCKLE, INC.'S NOTICE OF REMOVAL**
14 | Plaintiffs, |
15 | v. | [Superior Court of California, County of San Diego, Case No. 37-2023-00044311-CU-MT-CTL]
16 | THE BUCKLE, INC., a Nebraska corporation d/b/a BUCKLE.COM, |
17 | |
18 | Defendant. |

-1-

PLEASE TAKE NOTICE that Defendant The Buckle, Inc. ("Buckle") hereby removes the above-titled action from the Superior Court of California, County of San Diego, to the United State District Court for the Southern District of California pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

## I. INTRODUCTION

On October 18, 2023, Plaintiff filed the *Class Action Complaint* on behalf of herself and a putative class of other similarly situated California consumers in the Superior Court of California for the County of San Diego, entitled *Silvia Garcia v. The Buckle, Inc. d/b/a Buckle.com*, Case No. 37-2023-00044311-CU-MT-CTL. (Declaration of Alyssa Sones ("Sones Decl.") ¶ 1, Ex. A ("*Complaint*").)

Buckle hereby removes this class action to this Court under the Class Action Fairness Act, 28 U.S.C. §§ 1332(d) and 1453(b) ("CAFA"), for the reasons set forth below.

## II. REMOVAL UNDER CAFA IS PROPER

1. Under the Class Action Fairness Act ("CAFA"), federal courts have jurisdiction over putative class actions if: (a) any member of the plaintiff class is a citizen of a State different from any defendant (28 U.S.C. § 1332(d)(2)(A)); (b) the primary defendants are not states, state officials, or other government entities against whom the district court may be foreclosed from ordering relief (28 U.S.C. § 1332(d)(5)(A)); (c) there are more than 100 members in the putative class(es) (28 U.S.C. § 1332(d)(5)(B)); and (d) the amount in controversy exceeds $5,000,000, exclusive of interests and costs (28 U.S.C. § 1332(d)(6)).

2. As set forth below, this action is removable under CAFA because Plaintiff and putative class members are citizens of a State different from that of Buckle (who is not a state, state official, or other government entity), there are more than 100 putative class members, and the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

### A. **Minimal Diversity Exists**

3. Under CAFA, minimal diversity exists where any member of the class of plaintiffs is a citizen of a State different from any defendant. 28 U.S.C. § 1332(d)(2)(A).

4. The *Complaint* alleges that Plaintiff is California citizen. *Complaint* ¶ 3. Plaintiff seeks to represent only class members who are persons within the state of California. *Id.* ¶ 38.

5. Buckle is a Nebraska corporation with its principal place of business in Nebraska. As such, Buckle is a citizen of Nebraska. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (citing 28 U.S.C. § 1332(c)(1)) (corporations are citizens of "(1) the state where its principal place of business is located, and (2) the state in which it is incorporated").

6. Because Plaintiff and the members of the putative class are citizens of a state different from Buckle, minimal diversity exists. 28 U.S.C. § 1332(d)(2)(A).

### B. **Buckle Is Not A State, State Official, Or Government Entity**

7. Buckle is not a state, state official, or government entity. *See Complaint* ¶ 4. As such, CAFA's non-governmental entity requirement is satisfied. 28 U.S.C. § 1332(d)(5)(A).

### C. **The Putative Class Exceeds 100 Class Members**

8. Plaintiff asserts that she "does not know the number of Class members but believes the number to be at least 50 but not more than 100." *Complaint* ¶ 39. Plaintiffs seeks to represent a class of California consumers who used Buckle's chat feature within the statute of limitations period, i.e., the one year prior to Plaintiff's filing of the *Complaint*. *Complaint* ¶ 38. *See also* Cal. Code of Civ. Proc. § 340(a); *Brown v. Google LLC*, 525 F. Supp. 3d 1049, 1069 (N.D. Cal. 2021). Buckle's internal data shows that, in the one year leading up to the filing of the *Complaint* on October 12, 2023, there were 2,122 chats in California. Declaration of April Medina ("Medina Declaration") at ¶ 2. Accordingly, the best available information

suggests that there will be roughly 2,000 putative class members, far more than the requisite 100.

### D. The Amount In Controversy Exceeds $5,000,000

9. Under CAFA, removal is proper where "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). "In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). Although the *Complaint* does not include a specific total monetary demand—and Buckle denies that it has any liability, or owes any damages, to Plaintiff, the members of the putative class, or any other putative and purported class alleged in this action, or that any purported class may be certified pursuant to Federal Rule of Civil Procedure 23—the amount in controversy requirement is met.

10. First, Plaintiff and the putative class seek, among other requests for relief, statutory damages for each alleged violation of CIPA and allege that CIPA was violated each time a customer interacted with the chat feature on Buckle's website. *Complaint* ¶ 51. CIPA authorizes damages in the greater of: (1) "five thousand dollars ($5,000) per violation" and (2) "three times the amount of actual damages, if any, sustained by the plaintiff" for "[a]ny person who has been injured by a violation" of the statute. Cal. Penal Code § 637.2. To meet the amount in controversy, then, there must be, at least, 1,000 non-receipted returns and an in-store credit transactions ($5,000 x 1,000 = $5,000,000). As set out above, the putative class consists of California consumers who used Buckle's chat feature within the year prior to Plaintiff's filing of the *Complaint*. *Complaint* ¶ 38. *See also* Cal. Code of Civ. Proc. § 340(a); *Brown v. Google LLC*, 525 F. Supp. 3d 1049, 1069 (N.D. Cal. 2021). Buckle's internal data shows that, in the one year leading up to the filing of the *Complaint* on October 12, 2023, there were 2,122 chats in California.

-4-

Medina Declaration at ¶ 2. Accordingly, the amount in controversy is satisfied through Plaintiff's alleged statutory damages claim under CIPA alone.

11. Plaintiff's other requested relief also substantially increase the amount in controversy. For example, Plaintiff seeks injunctive relief for her CIPA claim. *Complaint* ¶ 51; *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (including requested injunctive relief in calculating amount in controversy).

12. Because, as alleged in the *Complaint*, the aggregate amount of relief sought by Plaintiff and the putative class exceeds $5,000,000, exclusive of interest and costs, CAFA's amount in controversy requirement is satisfied. 28 U.S.C. §§ 1332(d)(2), (d)(6).

### III. THE NOTICE OF REMOVAL IS PROCEDURALLY PROPER

13. The *Notice of Removal* contains a "short plain statement of the grounds for removal," and copies of the *Complaint* and any other process, pleadings, and orders that Plaintiff served on Buckle as of the date of the *Notice of Removal* are attached collectively as **Exhibit A**. 28 U.S.C. § 1446(a).

14. The *Notice of Removal* is timely filed under 28 U.S.C. §§ 1453(b), 1446(b) because Buckle was served with the *Complaint* on October 18, 2023 and is filing this *Notice of Removal* within thirty days of service (*i.e.*, on or before November 17, 2023).

15. Venue is proper in the United States District Court for the Southern District of California because this action was filed and is pending in the Superior Court of California, San Diego County, which is within this District. 28 U.S.C. §§ 1441(a), 1446(a).

16. Buckle will promptly file the notice of removal attached hereto as **Exhibit B** with the State Court and provide a copy of the same to Plaintiff. 28 U.S.C. § 1446(d).

17. By removing the action to this Court, Buckle does not waive any defenses that are available to it under state or federal law. Buckle expressly reserves

all threshold defenses to this action and its right, for example, to move to compel arbitration, to dismiss or for the entry of judgment pursuant to Federal Rules of Civil Procedure 12 and 56, and/or to strike or oppose the certification of any putative class pursuant to Federal Rule of Civil Procedure 23."

## IV.  CONCLUSION

18.  WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453 and for the reasons set forth above, Buckle respectfully removes this action from the Superior Court of California, San Diego County, to the United States District Court for the Southern District of California.

Dated:  November 16, 2023        SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


By     */s/ P. Craig Cardon*
            P. CRAIG CARDON
            JAY T. RAMSEY
            ALYSSA SONES

            *Attorneys for Defendant*
            THE BUCKLE, INC.